**In the Matter of the ESTATE OF Kate Elsa FISHER, Deceased;**

**Kay Fisher, As Parent and Next Friend of Theresa Fisher, Appellant.**

No. 83–348.

Court of Appeals of Iowa.

Dec. 27, 1983.

H. Daniel Smith of Stehlik, Smith & Trustin, Omaha, Neb., and Michael Gallner of Gallner & Gallner, Council Bluffs, for appellant.

Richard D. Crotty, Council Bluffs, for appellee, Stanley Fisher.

James A. Pratt of Heithoff, Pratt & Heithoff, Council Bluffs, for the estate.

Heard by OXBERGER, C.J., and DONIELSON and SACKETT, JJ.

DONIELSON, Judge.

Contestant appeals from the trial court's judgment granting proponent's application to establish a lost will. Contestant claims that: 1) proponent, decedent's husband and sole beneficiary under her will, was incompetent to testify under Iowa Code § 622.4, the dead man statute, about where the will had been kept, and 2) proponent did not produce sufficient evidence to rebut the presumption of decedent's destruction of her will with the intent to revoke it. We affirm.

Kate Fisher died in 1981; she was survived by her husband, Stanley Fisher. Decedent had executed a will in 1971, but the original of the will could not be found. Stanley therefore filed a copy of the will together with a petition to establish the lost will under which he was the sole beneficiary.

The evidence at trial centered on whether or not decedent had destroyed the will with the intent to revoke it. Stanley testified, over an objection based on the dead man statute, that the will had been kept in a small safe in the house that he and decedent lived in, that he had a key to the safe but decedent did not, and that decedent could not have opened the safe without getting the key from him. Decedent's attorney, Raymond Pogge, testified that decedent had asked him in 1980 about updating her will and that he had told her to bring the will to his office so that he could advise her on whether or not it needed to be changed. Pogge testified that she never brought the will in.

The trial court found that the presumption of destruction of the will by the testator with the intent to revoke it had been rebutted, and it admitted the lost will to probate as decedent's last will. Contestants, other family members who would share in decedent's estate under intestacy, brought this appeal.

### I.

Contestants claim that Stanley should not have been allowed to testify as to where decedent's will was kept because of Iowa Code § 622.4,[1] the dead man statute, which provides in relevant part: "[A] person interested in an action or proceeding ... shall not be examined as a witness in regard to any personal transaction or communication between the witness and a person who, at the commencement of the examination, is deceased...." This statute, however, is not to be enlarged by construction, nor does it "render one incompetent to testify as to observations and facts independent of a personal transaction with the deceased." *Patterson v. Patterson*, 189 N.W.2d 601, 604 (Iowa 1971).

We do not believe that Stanley's testimony involved any "communications" or "personal transactions" with decedent. His testimony was limited to his own observations and recounting only *his* actions with respect to the will. He testified that he took the original wills out of the attorney's office, placed them in a safety deposit

---

1. This statute was repealed by the Iowa Legislature upon adoption of the new Iowa Rules of Evidence. 1983 Iowa Acts ch. 37, § 7.

box in a bank, and later placed them in a safe in their home. He further testified that only he had keys to that safe and that, therefore, decedent had no access to the safe and could not have retrieved her will from the safe without Stanley's knowledge. Finally, Stanley testified that he observed no indication on decedent's part as to any intent on her part to revoke or change her will. All of this testimony related solely to Stanley's own actions or observations with respect to decedent's will and did not involve any "personal transaction or communication" with decedent within the meaning of § 622.4. Therefore, Stanley's testimony was not rendered incompetent under the statute and the court did not err in considering that testimony.

## II.

Contestants also claim that Stanley did not adequately prove all the elements required to establish a lost will.

> [T]o establish a lost will it is incumbent upon the proponent to prove by clear, satisfactory and convincing evidence (1) due execution and former existence of the alleged will (2) that it has been lost and could not be found after diligent search (3) that the presumption of destruction by decedent with intent to revoke it, arising from its absence at death, has been rebutted, and (4) contents of the will. The evidence need not be free from doubt.

*In re Estate of Crozier,* 232 N.W.2d 554, 556 (Iowa 1975) (citations omitted). In this case, contestants claim that Stanley did not introduce sufficient evidence to rebut the presumption that decedent destroyed her will with the intent to revoke it. The trial court's conclusion to the contrary is binding on us if supported by any substantial evidence. *Id.* at 558; Iowa R.App.P. 14(f)(1).

■ We believe the court's conclusion that Stanley presented sufficient evidence to rebut the presumption is supported by substantial evidence in the record. We adopt the trial court's findings as our own:

> The Court further FINDS that the evidence appears without controversy that the original Will of the testator, together with the Will of her surviving spouse, Stanley E. Fisher, was kept in a small safe at the residence of the parties, and that Mr. Fisher had a key to the safe, but Mrs. Fisher did not. The Court further FINDS that there is no direct evidence that Mrs. Fisher destroyed her original Will nor that she ever expressed a desire to revoke it. Further, the record shows where the Will was kept, and that while it is probably true that the testator had access to the safe if she wanted to get in it by getting a key from her husband, the key to the safe was kept by the husband in his possession. Further, the evidence reflects that the deceased son and his wife had access to the home of the parties and had given the safe to the testator and her husband as a gift. Further, it is noted that the decedent and her son were both murdered on September 16, 1981, and the record further establishes that in February of 1980 and on a couple other occasions after that, the testator had a conversation with Attorney Raymond E. Pogge concerning updating of her Will and that of her husband. That there was no conversation about revocation or destruction of her Will, or even changing it, but the conversation with the attorney was merely to the point as to whether or not the Wills needed to be updated. Further that the testator was instructed to bring her Will to the attorney's office for him to examine and to advise whether or not it needed to be changed. Further, that the Wills were, in fact, never taken to the attorney's office. The Court therefore FINDS that the presumption of destruction by the testator with intent to revoke the Will has been rebutted by clear, convincing and satisfactory evidence.

We have considered all of contestants' arguments and find them to be without merit. We therefore affirm the judgment of the trial court.

AFFIRMED.